CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 09 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

|  |  |  |
|---|---|---|
| HUMAN DESIGN MEDICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:16-cv-00036 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MY HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Human Design Medical, LLC ("Human Design") hereby asserts the following claims against Defendant My Health, Inc. ("My Health") and alleges as follows:

## NATURE OF THE ACTION

1.      This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.* and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* Human Design seeks a declaration of non-infringement and invalidity of U.S. Patent No. 6,612,985 B2 ("the '985 Patent"). A true and correct copy of the '985 Patent is attached hereto as Exhibit A.

## THE PARTIES

2.      Plaintiff Human Design is a Delaware limited liability company with operations in Charlottesville, Virginia. Its principal place of business is located at 200 Garrett Street, Suite S, Charlottesville, Virginia 22902.

3. Upon information and belief, Defendant My Health is a Delaware corporation duly organized and existing under the laws of the State of Delaware with offices at 7001 W. Parker Road, Suite 431, Plano, Texas 75093.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. Defendant My Health is subject to personal jurisdiction in this Judicial District because, upon information and belief, it regularly conducts business in the Commonwealth of Virginia and in this District, and it is seeking to contract intellectual property licenses in the Commonwealth of Virginia and in this District. In particular, upon information and belief, My Health is in the business of licensing the '985 Patent in this District.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400 because, upon information and belief, My Health is doing business in this Judicial District, and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District. In particular, My Health has attempted to license the '985 Patent in this Judicial District.

## BACKGROUND

7.      Human Design's Z1 products are continuous positive airway pressure systems to treat people who suffer from sleep apnea.

8.      Human Design's Nitelog mobile app allows a user of a Z1 product to (i) manually control certain basic settings on the Z1 device, (ii) collect data regarding his or her use of the Z1 product, (iii) review data regarding his or her use of the Z1 product on his or her mobile devices, and (iv) compile such data into a format that can be manually e-mailed to a third party, such as a treating physician.

9.      On or about April 7, 2016 (the "April 7 Correspondence"), Patent Licensing Alliance ("PLA"), acting on behalf of My Health, sent a letter to Human Design regarding the '985 Patent that stated: "Your Z1 Auto Base with Nitelog employs the technology claimed and disclosed in United States Patent 6,612,985."

10.     The April 7 Correspondence further asserted that "[o]ur research group and legal team have thoroughly reviewed the Z1 Auto Base with Nitelog and believe that it utilizes the technology claimed and disclosed in the ['985 Patent]" and that "[t]he Patent requires a license if you intend to continue to sell these products."

11.     My Health attached a claim chart to the April 7 Correspondence that purported to outline My Health's contentions of Human Design's alleged infringement. The title of the claim chart was "Pre-filing Investigation Claim Chart" and referred to the "Z1 Auto Base with Nitelog" as the "Accused Product."

12.     The April 7 Correspondence further stated that "Because of . . . ever-increasing instances of improper use without a license, My Health has been enforcing its intellectual property rights."

13. Upon information and belief, between 2012 and the present, My Health has filed complaints in litigations against no fewer than twenty-seven other companies involved in the health care industry, alleging infringement of the '985 Patent. These cases include: *My Health, Inc. v. CardioNet, Inc.,* C.A. No. 2:14-CV-00681 (E.D. Tex.); *My Health, Inc. v. Biotronik, Inc.,* C.A. No. 2:14-CV-00680 (E.D. Tex.); *My Health, Inc. v. Tandem Diabetes Care, Inc.,* C.A. No. 2:14-CV-00684 (E.D. Tex.); *My Health, Inc. v. Health Dialog, Inc.,* C.A. No. 2:14-CV-00682 (E.D. Tex.); *My Health, Inc. v. LifeScan, Inc.,* C.A. No. 2:14-CV-00683 (E.D. Tex.); *My Health, Inc. v. Tunstall Healthcare USA, Inc.,* C.A. No. 2:14-CV-00685 (E.D. Tex.); *My Health, Inc. v. Pleio Health Support Systems, Inc.,* C.A. No. 2:14-CV-00661 (E.D. Tex.); *My Health, Inc. v. Sotera Wireless, Inc.,* C.A. No. 2:14-CV-00663 (E.D. Tex.); *My Health, Inc. v. Robert Bosch Healthcare Systems, Inc.,* C.A. No. 2:14-CV-00662 (E.D. Tex.); *My Health, Inc. v. Vivify Health, Inc.,* C.A. No. 2:14-CV-00664 (E.D. Tex.); *My Health, Inc. v. Nonin Medical, Inc.,* C.A. No. 2:14-CV-00660 (E.D. Tex.); *My Health, Inc. v. BodyMedia, Inc.,* C.A. No. 2:14-CV-00653 (E.D. Tex.); *My Health, Inc. v. Alere, Inc.,* C.A. No. 2:14-CV-00652 (E.D. Tex.); *My Health, Inc. v. Cardiomedix, Inc.,* C.A. No. 2:14-CV-00654 (E.D. Tex.); *My Health, Inc. v. Entra Health Systems, LLC,* C.A. No. 2:14-CV-00657 (E.D. Tex.); *My Health, Inc. v. Healthrageous, Inc.,* C.A. No. 2:14-CV-00658 (E.D. Tex.); *My Health, Inc. v. Confidant Hawaii, LLC,* C.A. No. 2:14- CV-00655 (E.D. Tex.); *My Health, Inc. v. Medisana AG,* C.A. No. 2:14-CV-00659 (E.D. Tex.); *My Health, Inc. v. Philips Medical Systems North America, Inc.,* C.A. No. 2:13-CV-00140 (E.D. Tex.); *My Health, Inc. v. GenerationOne, Inc.,* C.A. No. 2:13-CV-00138 (E.D. Tex.); *My Health, Inc. v. Click4Care, Inc.,* C.A. No. 2:13-CV-00137 (E.D. Tex.); *My Health, Inc. v. CardioCom, LLC,* C.A. No. 2:13-CV-00136 (E.D. Tex.); *My Health, Inc. v. Honeywell HomMed, LLC,* C.A. No. 2:13-CV-00139 (E.D. Tex.); *My Health, Inc. v. ZeOmega, Inc.,* C.A. No. 2:12-

CV- 00251 (E.D. Tex.); *My Health, Inc. v. DeVilbiss Healthcare, LLC*, C.A. No. 2:16-CV-544

(E.D. Tex.); *My Health, Inc. v. ALR Techs., Inc.*, C.A. No. 2:16-CV-535 (E.D. Tex.); and *My*

*Health, Inc. v. InTouch Techs., Inc.,* C.A. No. 2:16-CV-536 (E.D. Tex.).

      14.    Additionally, upon information and belief, after receiving letters similar to PLA's

April 7 Correspondence to Human Design, nine other companies involved in the health care

industry filed declaratory judgment actions, seeking declarations of non-infringement and/or

invalidity of the '985 Patent.  These cases include: *Voxiva, Inc. v. My Health, Inc.,* C.A. No.

1:14-CV-00910-RGA (D. Del.); *Authentidate Holding Corp. v. My Health, Inc.,* C.A. No. 1:13-

CV-01616-RGA (D. Del.); *Fitango, Inc. v. My Health, Inc.*, C.A. No. 1:14-CV-01085-RGA (D.

Del.); *Allscripts Healthcare Solutions, Inc. v. My Health, Inc.*, C.A. No. 1:14-CV-01436-RGA

(D. Del.); *HealthLoop, Inc. v. My Health, Inc.,* C.A. No. 3:15-CV-00671 (N.D. CA); *Medecision,*

*Inc. v. My Health, Inc.*, C.A. No. 3:15-CV- 00726-P (N.D. Tex.); *Dexcom, Inc. v. My Health,*

*Inc.*, C.A. No. 3:15-CV-932 (S.D. Cal.); *Kurbo Health, Inc. v. My Health, Inc.*, C.A. No. 5:15-

CV-1351 (N.D. Cal.); and *Draeger Medical Systems, Inc. v. My Health Inc.*, C.A. No. 1:15-CV-

248 (D. Del.).

      15.    My Health's April 7 Correspondence, the numerous litigations filed, and the

claims made by My Health over the past four years alleging infringement of the '985 Patent

created a reasonable apprehension and substantial likelihood that, if Human Design does not pay

and agree to enter into a license with My Health, My Health will sue Human Design for  the

alleged infringement of the '985 Patent.

## THE PATENT-IN-SUIT

16. The '985 Patent, entitled "Method and System for Monitoring and Treating a Patient," issued on September 2, 2003, from U.S. Patent Application No. 09/793,191 filed February 26, 2001.

17. Upon information and belief, on or about April 23, 2001, the listed inventors Michael E. Eiffert and Lisa C. Schwartz, assigned their interests to the University of Rochester.

18. Upon information and belief, the University of Rochester licensed its interest in the '985 Patent to My Health around 2008, and subsequently assigned the '985 Patent to My Health around 2016.

## CLAIM 1 - DECLARATION OF NON-INFRINGEMENT

19. Paragraphs 1 through 18 above are incorporated by reference as though fully stated herein.

20. My Health has alleged that Human Design, at least through its manufacture, use, offers to sell, or sales of the Z1 products when coupled with Nitelog, is infringing the '985 Patent without authorization.

21. Human Design has not infringed and does not directly or indirectly infringe any claim of the '985 Patent, either literally or under the doctrine of equivalents.

22. Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Human Design have created a substantial, immediate and real controversy between the parties as to the non-infringement of the '985 Patent. A valid and justiciable controversy has arisen and exists between Human Design and My Health within the meaning of 28 U.S.C. § 2201.

23.     A judicial determination of non-infringement is necessary and appropriate so that Human Design may ascertain its rights regarding the '985 Patent.

## CLAIM 2 - DECLARATION OF INVALIDITY

24.     Paragraphs 1 through 23 above are incorporated by reference as though fully stated herein.

25.     My Health has alleged that Human Design is infringing the '985 Patent without authorization.

26.     One or more claims of the '985 patent are invalid because they fail to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.  In particular, the '985 Patent is invalid under 35 U.S.C. § 102 as anticipated by U.S. Patent No. 6,126,596 to Freedman and invalid under 35 U.S.C. § 103 as obvious over U.S. Patent No. 6,126,596 to Freedman in view of U.S. Patent No. 6,024,699 to Surwit, World Intellectual Property Organization Publication No. WO 99/04043 to Caple, and World Intellectual Property Organization Publication No. WO 98/58338 to Graham.

27.     Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Human Design have created a substantial, immediate and real controversy between the parties as to the invalidity of the '985 Patent.  A valid and justiciable controversy has arisen and exists between Human Design and My Health within the meaning of 28 U.S.C. § 2201.

28.     A judicial determination of invalidity is necessary and appropriate so that Human Design may ascertain its rights regarding the '985 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Human Design prays for a declaration from this Court and judgment as follows:

A. That Human Design does not infringe any claims of the '985 Patent;

B. That the '985 Patent is invalid and unenforceable;

C. That this is an exceptional case within the meaning of 35 U.S.C. § 285; and

D. Such other and further relief as this Court deems just, reasonable and proper.

## JURY DEMAND

Human Design demands a trial by jury on all issues presented in this Complaint.

Dated: June 9, 2016

J. Benjamin Rottenborn (VA Bar No. 84796)
Nathan A. Evans (VA Bar No. 46840)
**Woods Rogers PLC**
10 South Jefferson Street, Suite 1400
Roanoke, VA 24011
Telephone: (540)983-7600
Facsimile:(540)983-7711
brottenborn@woodsrogers.com
nevans@woodsrogers.com

*Attorneys for Plaintiff*
*Human Design Medical, LLC*